

Daniel Velez | Partner
Direct 516.281.9816 | dvelez@goldbergsegalla.com

December 15, 2023

**Via ECF**

Honorable Judge Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Cutrone v. BJ's Wholesale Club et al.
               Docket No: 2:21-cv-00787-KAM-AYS
               GS File No.: 1342.0362

Your Honor:

As you know, we represent defendant, BJ'S WHOLESALE CLUB, INC. i/s/h/a BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S MEMBERSHIP CLUB, INC. d/b/a BJ'S WHOLESALE CLUB ("BJ's"), in connection with the above-referenced matter.

In compliance with your Honor's Order, dated December 12, 2023, please allow the following to serve as BJ's Letter Reply to plaintiff's Letter Application/Motion and Declaration in further opposition to plaintiff's request to reopen fact and expert discovery and extend the Court's December 22, 2023 deadline to commence dispositive motion practice.

Plaintiff does not dispute that she failed to seek the deposition of BJ's following the completion of her original deposition held on November 12, 2021. Nor does plaintiff dispute that she failed to meet the Court's January 31, 2022 fact discovery deadline within which to conduct a deposition of BJ's. Contrary to plaintiff's position, this is not the first request that plaintiff has sought extensions of the Court's discovery deadlines. In fact, the parties conducted multiple meet and confer conferences in advance of filing Joint Letter Applications/Motions to extend the Court's fact and expert discovery deadlines for supplemental and outstanding discovery among the parties on: December 7, 2021 (Doc. #19); February 8, 2022 (Doc. #20); June 7, 2022 (Doc. #23); October 3, 2022 (Doc. #27); February 17, 2023 (Doc. #31); and, May 30, 2023 (Doc. #32).

However, at no time did plaintiff seek the deposition of BJ's during any of the above-referenced meet and confer conferences. Nor did plaintiff request that a deposition of BJ's be included in any of the above-referenced Letter Applications/Motions. Nor did plaintiff advise former Magistrate Judge Shields or your Honor of any intent to conduct a deposition of BJ's during any of the several Status Conferences held with the Court. In fact, as of May 30, 2023, the only remaining fact discovery contemplated by the parties and Court related to written medical authorizations and a further deposition of plaintiff following two additional surgical procedures.

**Please send mail to our scanning center at: PO Box 780, Buffalo, NY 14201**

**Office Location:** 200 Garden City Plaza, Suite 520, Garden City, NY 11530-3203 | 516.281.9800 | Fax: 516.281.9801 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA | UNITED KINGDOM
38711213.v1

Honorable Judge Lee G. Dunst
United States District Court
Eastern District of New York
December 15, 2023
Page 2 of 5

Additionally, while plaintiff acknowledges that she identified Dr. Palmieri and Dr. Yager as <u>potential</u> experts in her initial Rule 26(a)(1) disclosures, plaintiff does not dispute that she failed to meet the Court's November 30, 2023 Rule 26 Expert Witness Disclosure deadline.

After an expert and his or her written report have been disclosed, such must be supplemented or corrected "in a timely manner if the party learns in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." <u>See</u> FRCP 26(e)(1). While plaintiff argues that she served a purported Rule 26 Expert Witness Disclosure of Dr. Yager on May 10, 2021, the disclosure failed to comply with the specific requirements of Rule 26(a)(2)(B). <u>See</u> Exhibit B to plaintiff's Motion. More specifically, the "narrative report" prepared by Dr. Yager did not contain a complete statement of all opinions and the basis and reasons for same, the facts or data considered by Dr. Yager, including whether Dr. Yager analyzed any of plaintiff's pre-accident medical records with Dr. Palmieri for her right foot, any exhibits used to summarize or support Dr. Yager's position, Dr. Yager's qualifications, including the required list of publications authored in the previous 10-years, a list of all other cases in the previous 4-years in which Dr. Yager testified as an expert at trial or by deposition and a statement of the compensation to be paid to Dr. Yager for the study and testimony in the case. <u>See id.</u> Additionally, at no time did plaintiff serve any Rule 26 Expert Witness Disclosures relating to Dr. Palmieri. Similarly, plaintiff's initial Rule 26(a)(1) Disclosures, dated August 18, 2021, and Discovery Response and Exchange, dated June 7, 2023, failed to comply with the specific requirements of Rule 26(a)(2)(B). <u>See</u> Exhibits C and D to plaintiff's Motion. <u>See</u> FRCP 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless").

In light of the above, on April 11, 2022, BJ's filed a Letter Application/Motion (Doc. #21) in support of a Pre-Motion Conference to address all outstanding fact and expert discovery owed to BJ's. Therein, among other fact and expert discovery owed to BJ's, it was noted that plaintiff was preparing complete and proper Rule 26 Disclosures for her designated damages experts, Dr. Palmieri and Dr. Yager, and coordinating dates of availability for expert depositions.

On August 15, 2022, BJ's filed a second Letter Application/Motion (Doc. #25) in support of a Pre-Motion Conference to address all outstanding fact and expert discovery owed to BJ's. Therein, among other fact and expert discovery owed to BJ's, BJ's again requested an Order requiring plaintiff to provide her complete and proper Rule 26 Expert Witness Disclosures from Dr. Palmieri and Dr. Yager by a date certain based on plaintiff's violation of the Court's June 30, 2022 fact discovery and August 11, 2022 expert discovery deadlines.

On December 15, 2022, BJ's filed a third Letter Application/Motion (Doc. #29) in support of a Pre-Motion Conference to address all outstanding fact and expert discovery owed to BJ's. Therein, it was noted that plaintiff agreed on December 1, 2022 to provide all outstanding fact and expert discovery owed to BJ's, including Rule 26 Expert Witness Disclosures from Dr.

Honorable Judge Lee G. Dunst
United States District Court
Eastern District of New York
December 15, 2023
Page 3 of 5

Palmieri and Dr. Yager, on or before December 9, 2022 in advance of the Court's December 30, 2022 deadline to complete expert discovery. However, plaintiff failed to comply. Accordingly, BJ's requested a further extension of the Court's fact and expert discovery deadlines to complete the remaining discovery among the parties.

While plaintiff appears to suggest that the Court's expert discovery deadlines could not be met by plaintiff because plaintiff's two additional surgical procedures took place within the last year, it is undisputed that BJ's complied with the Court's prior and current deadlines to complete expert discovery. More specifically, on May 9, 2022, BJ's served its Initial Rule 26 Expert Witness Disclosure and initial expert IME Report prepared by Dr. Markinson.

On June 8, 2023, the Court issued a detailed Order relating to specific fact discovery owed to BJ's and outstanding expert discovery among the parties, including a deadline of August 25, 2023 to serve Rule 26 Expert Witness Disclosures and November 30, 2023 to complete all expert depositions. Therein, the Court clearly indicated that "[t]he Court will not grant a further extension of the [discovery] schedule unless the request (1) is filed 7 days before the relevant deadline(s), and (2) is supported by a sworn declaration providing good cause for the requested extension" (emphasis in original).

In compliance with the Court's June 8, 2023 Order, on September 28, 2023, BJ's filed a Letter Application/Motion (Doc. #34) on consent of plaintiff's counsel seeking a one week extension of the Court's September 29, 2023 deadline for BJ's to complete its Rule 26 Expert Witness Disclosure. BJ's complied with the Court's Order granting same and served its Supplemental Rule 26 Expert Witness Disclosure on October 3, 2023.

Because there is no admissible record evidence that plaintiff made any attempt to obtain complete and proper narrative reports from either Dr. Palmieri or Dr. Yager before the Court-imposed discovery deadline had passed, there is no justification for plaintiff failing to serve Rule 26 Expert Witness Disclosures. Given the clear deadline and plaintiff's apparent failure to actively pursue documents from her own experts or to request a further extension from this Honorable Court, there is simply no basis for finding that there was any question that plaintiff was required to serve her Rule 26 Expert Witness Disclosures by the discovery deadline. See Engler, 304 F.R.D. 355 (N.D.N.Y. 2015) ("Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request") (quoting Kunstler v. City of New York, 242 F.R.D. 261, 264-65 (S.D.N.Y. 2007)).

Since plaintiff concedes that her case ". . . hinges on the issue of causation" and there is no evidence to establish that BJ's was the proximate cause of her claimed injuries or that her claimed injuries are causally-related to the subject accident, BJ's should be permitted to proceed to dispositive motion practice on those very issues on or before the Court's current deadline of December 22, 2023. It is of no benefit to BJ's to permit plaintiff to introduce rebuttal expert reports at this juncture solely in an effort to defeat BJ's anticipated Motion for Summary

38711213.v1

Honorable Judge Lee G. Dunst
United States District Court
Eastern District of New York
December 15, 2023
Page 4 of 5

Judgment. In fact, plaintiff acknowledges that doing so would "sabotage" BJ's defenses. After all, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." See BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) (quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)).

It is respectfully submitted that BJ's will be severely prejudiced if plaintiff is permitted to reopen fact and expert discovery, especially in light of the Court's upcoming December 22, 2023 deadline to initiate dispositive motion practice for which defendant is prepared to proceed. When determining whether undue prejudice would result in a particular case, the Second Circuit has instructed district courts to ask whether the proposed amendments would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). This analysis requires an assessment of "not only the amount of time that passed before the movant sought to amend, but also the reasons for that delay and its practical impact on the other side's legitimate interests, including both that party's ability to respond to new claims or defenses and any other prejudice flowing from a delay in the final adjudication of the case." See Credit Suisse First Boston LLC v. Coeur d'Alene Mines Corp., 03 Civ. 9547, 2004 U.S. Dist. LEXIS 25260, 2004 WL 2903772 at *3 (S.D.N.Y. Dec. 15, 2004).

FRCP 16(b)(4) mandates that the scheduling order "may be modified only for good cause." See Trezza v. NRG Energy, Inc., No. 06 Civ. 11509, 2008 U.S. Dist. LEXIS 15478 at *6 (S.D.N.Y. Feb. 28, 2008 (denying leave to amend under Rule 16 where "nothing in [plaintiff's] motion or in any of his other submissions to the Court suggest that he was unaware of the facts necessary to amend his pleading until after the deadline had passed"). Plaintiff argues that she should be excused for her failure to meet the Court's fact and expert discovery deadlines due to law office failure. However, law office failure is insufficient to demonstrate good cause for ignoring numerous prior Court Orders and is insufficient to excuse a plaintiff's untimely motion. See Opia v. Chukwu, 278 A.D.2d 394 (2nd Dep't 2000).

Plaintiff has failed to provide any reasonable explanation for her delay of approximately four (4) years since the filing of her Complaint and two (2) years since the expiration of the fact discovery deadline in seeking the deposition of BJ's other than law office failure. Nor has plaintiff provided any reasonable explanation for her failure to meet the Court's November 30, 2023 deadline to complete all expert discovery. Similarly, plaintiff's request for an opportunity to prove her case in good faith is unavailing. In the absence of any justification, it is clear that plaintiff's request to reopen fact and expert discovery after the close of discovery follows an undue delay on plaintiff's part. It is respectfully submitted that reopening fact and expert discovery would require BJ's to expend substantial additional resources as a result. In turn, reopening fact and expert discovery on the scale necessary to accommodate the additional fact and expert discovery requested by plaintiff in the thirteenth hour would undoubtedly cause significant further delays in this litigation. These consequences would amount to undue prejudice

Honorable Judge Lee G. Dunst
United States District Court
Eastern District of New York
December 15, 2023
Page 5 of 5

against BJ's and this prejudice should be sufficient to deny plaintiff's Motion, especially since reopening fact and expert discovery would disrupt the Court's final scheduling order, cause prejudice to BJ's by extending discovery and where plaintiff failed to provide a good faith basis for the delay. "[R]equests for discovery in the face of motions for summary judgment put forth by the parties who were dilatory in pursuing discovery are disfavored." See Paddington Partners v. Bouchard, 34 F.3d 1132, 1139 (2d Cir. 1994).

In light of the aforementioned, it is respectfully requested that plaintiff's Letter Application/Motion be denied in its entirety.

Thank you for allowing the undersigned to address the Court in this matter.

Very truly yours,

GOLDBERG SEGALLA LLP

J. Daniel Velez, Esq.

JDV/nr

**Via ECF**

Michael Ma, Esq.
CHOPRA & NOCERINO, LLP
100 Quentin Roosevelt Blvd., Suite 107
Garden City, New York 11530

38711213.v1