**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

ARLENE CUTRONE,

Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC.,

Defendant.

---------------------------------------------------------X

**ORDER**

2:21-CV-00787 (OEM) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is DE 40, Plaintiff's Motion to extend the time to complete discovery. For the reasons set forth herein, the Court denies Plaintiff's Motion.

## I. BACKGROUND

On February 12, 2021, this case was removed from state court. *See* DE 1. On May 26, 2021, Magistrate Judge Anne Y. Shields (to whom this case was previously assigned) ordered that fact discovery be completed by July 30, 2021, and expert discovery be completed by August 31, 2021. *See* May 26, 2021 Order. In the years that followed, first Judge Shields and then the undersigned (to whom this was case was reassigned on June 13, 2022) granted nine motions to extend those deadlines. *See* July 26, 2021 Order; September 30, 2021 Order; December 8, 2021 Order; February 9, 2022 Order; June 8, 2022 Order; October 4, 2022 Order; February 21, 2023 Order; June 8, 2023 Order; October 2, 2023 Order. Many of these extensions were necessary due to Plaintiff's repeated failure to meet court-ordered deadlines. *See, e.g.*, DE 20 at 2 (extension necessary because Plaintiff failed to appear for her independent medical examination); DE 25 (discussion of Plaintiff's failure to produce discovery); DE 29 (same); DE 35 at 4 (extension necessary because Plaintiff was unable to appear for her independent medical examination "due to calendar conflict involving plaintiff's calendar"). In fact, Plaintiff's

inability to comply with her discovery obligations and court-ordered deadlines was the subject of discussion at many of the status conferences with the undersigned since June 13, 2022. *See* Fed. R. Civ. P. 1 (addressing the obligation of "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

The relevant final deadlines previously set by the Court are as follows: completion of fact discovery on March 31, 2022 (*see* February 2, 2022 Order), completion of expert discovery on November 30, 2023 (*see* December 12, 2023 Order), and deadline to initiate dispositive motion practice on December 22, 2023 (*see* DE 33). During a status conference on June 8, 2023 (that Plaintiff's counsel attended), the Court was explicit that no further extensions would be granted "unless the request (1) is filed 7 days before the relevant deadline(s), and (2) is supported by a sworn declaration providing good cause for the requested extension." DE 33.

On December 6, 2023, the Court conducted a status conference during which a new attorney appeared from the same law firm that had been representing Plaintiff for the last eighteen months. *See* DE 22 (notice of appearance by Chopra & Nocerino, LLP), DE 38 (same); DE 39 (December 6, 2023 Order). During the December 6, 2023 conference, it was clear to the Court that Plaintiff's counsel was unprepared and had no knowledge about the Court's prior orders and the lengthy history of delays, extensions, and missed deadlines. As a result, the Court denied Plaintiff's oral request to extend the schedule for a *tenth* time and directed Plaintiff to file, by December 11, 2023, any motion to reopen discovery and/or extend the upcoming December 22, 2023 deadline to commence dispositive motion practice. *See* DE 39. Plaintiff subsequently filed such a motion (DE 40) and, as directed by the undersigned, Defendants filed their opposition (DE 41).

Plaintiff now seeks to reopen fact and expert discovery, asks the Court to "accept

Plaintiff's *mea culpa* and grant this final extension," and proposes several new extended deadlines, including January 22, 2024 to conduct the deposition of a representative of Defendants, April 11, 2024 to complete expert discovery, and May 13, 2024 to commence dispositive motion practice. DE 40 at 2. Plaintiff claims that there is "good cause" to grant this relief, citing, for example, (1) Plaintiff's failure to meet deadlines since the June 8, 2023 status conference was the result of his law firm's administrative error and "none of the dates were inputted into the system" (DE 40-1 at 2); (2) Plaintiff's requested discovery is "absolutely no surprise for the defendants" (*id.* at 3); (3) Plaintiff should not be "punished for [her attorney's] mistake" (*id.* at 2); and (4) Plaintiff has acceded to the Defendants' prior requests for extensions over time (*id.* at 5). Defendants oppose Plaintiff's motion, setting forth a detailed chronology of Plaintiff's failure to comply with court orders in this case, the lack of good cause to warrant any further extensions, and the prejudice to Defendants if the Court were to reopen fact and expert discovery. *See* DE 41.

## II. ANALYSIS

The Court's scheduling order setting forth discovery deadlines may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). "The 'good cause' inquiry turns on the diligence of the party seeking to modify the scheduling order." *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics, Inc.*, 335 F.R.D. 50, 51 (S.D.N.Y. 2020) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Id.* (internal quotations omitted).

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence

during discovery." *Volpe v. Ryder*, No. 19-CV-2236, 2022 WL 16553231, at *2 (E.D.N.Y. Oct. 31, 2022) (citing *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018)); *see Mindling v. Stiegler*, No. 22-CV-2711, 2023 WL 8295868, at *3 (2d Cir. Dec. 1, 2023) (upholding district court's denial of motion to reopen discovery, noting the absence of "good cause to reopen discovery"). "In determining whether to reopen discovery, the Court considers: '(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.'" *Lebenns v. Frost Prods.*, No. 21-CV-11155, 2023 WL 7403624, at *4 (S.D.N.Y. Nov. 9, 2023) (citation omitted). "[A] party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *Id.* (citation and internal quotation marks omitted). The Court "may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." *Id.* "In deciding whether to reopen discovery, the 'primary consideration' is 'whether the moving party can demonstrate diligence.'" *Id.* (citation omitted).

Plaintiff here has failed to meet her burden of demonstrating good cause to modify the prior scheduling orders and reopen fact and expert discovery. For more than two years, this case has a long and protracted history of more than nine extensions of discovery deadlines due, in part, to Plaintiff's repeated failures to satisfy her discovery obligations. Plaintiff utterly fails to demonstrate the necessary diligence in obtaining the requested discovery long ago. It is clear from Plaintiff's motion that Plaintiff was well aware of the purported need for the requested discovery for many years, but failed to act in a diligent manner to obtain that discovery or seek

timely requests from the Court to do so. *See* DE 40-1 at 3-4 (citing Plaintiff's expert discovery responses from 2020, 2021, and 2023); DE 20 at 1 (noting that the deposition of Defendants' representative originally had been scheduled for March 4, 2022). Plaintiff has failed to demonstrate why she could not have obtained any of this requested discovery long ago. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985*)* (denying additional discovery where party "had ample time in which to pursue the discovery that it now claims is essential"); *Lebenns*, 2023 WL 7403624, at *6 ("[T]he lack of diligence in timely filing requests for extensions to complete these depositions weighs against reopening discovery."); *Volpe*, 2022 WL 16553231, at *2 (denying motion to reopen discovery when "there has been more than ample opportunity for discovery"); *Saray Dokum*, 335 F.R.D. at 53 (denying request to reopen discovery to conduct deposition where there was "a fully adequate opportunity" to do so earlier). The fact that the Defendants were aware of this potential discovery or had requested earlier extensions of the schedule does not outweigh Plaintiff's lack of diligence in this case.

Finally, Plaintiff rests much of her motion on apparent docketing and calendaring errors at Plaintiff's law firm in the summer of 2023. DE 40-1 at 2. The Court is unconvinced by this argument. First of all, any such mistakes to keep track of deadlines set by the Court at the June 8, 2023 status conference (which was attended by Plaintiff's counsel) does not explain Plaintiff's earlier failures to comply with earlier court-ordered deadlines. In any event, courts routinely reject the claim of "law office failure" as sufficient to demonstrate good cause. *See, e.g.*, *Benites v. New York Dep't of Corr. & Cmty. Supervision*, No. 21-CV-06863, 2023 WL 1966181, at *3 (S.D.N.Y. Feb. 13, 2023) ("Law office failure does not constitute good cause, either – and is certainly not a circumstance beyond counsel's control, which is the only basis for a showing of

good cause."); *Baldwin v. United States*, No. 14-CV-755S, 2016 WL 3085425, at *2 (W.D.N.Y. June 2, 2016) ("Law office failure rarely constitutes an excusable neglect . . . . Preoccupied and overworked staff does not establish excusable neglect, and neither does inadvertence.") (citation omitted). Based on the ample record of Plaintiff's lack of diligence over the years, the Court is unconvinced that any recent claims of "law office failure" justify reopening fact and expert discovery and a further extension of expired deadlines.

The critical factors that warrant denial of the motion include the absence of good cause, Plaintiff's lack of diligence, and the prejudice to Defendants. *See, e.g.*, *Saray Dokum*, 335 F.R.D. at 52 (denying motion to reopen discovery, even though "trial is not imminent" and "assum[ing] arguendo that the discovery requests seek relevant evidence," in light of prejudice to the opposing party which would increase "litigation costs, and further delay resolution of this litigation"). The record simply does not support Plaintiff's request for a *tenth* extension of already-expired discovery deadlines. *See Lebenns*, 2023 WL 7403624, at *6 ("This Court has been gracious and flexible in allowing Plaintiff to miss deadlines without repercussions, but this is a bridge too far given the history of this case.").

For the reasons set forth above, Plaintiff's motion to reopen fact and expert discovery and extend such deadlines is DENIED.

**SO ORDERED:**

Dated: Central Islip, New York
December 19, 2023

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge