

Daniel Velez | Partner
Direct 516.281.9816 | dvelez@goldbergsegalla.com

December 22, 2023

**Via ECF**

Honorable Judge Orelia E. Merchant
United States District Court - Eastern District of New York
225 Cadman Plaza East, Room 6C South
Brooklyn, NY 11201

      Re:    Cutrone v. BJ's Wholesale Club et al.
                Docket No: 2:21-cv-00787-OEM-LGD
                GS File No.: 1342.0362

Your Honor:

      As you know, we represent defendant, BJ'S WHOLESALE CLUB, INC. i/s/h/a BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S MEMBERSHIP CLUB, INC. d/b/a BJ'S WHOLESALE CLUB ("BJ's"), in connection with the above-referenced matter.

      In compliance with Honorable Judge Dunst's Motion Order, dated December 19, 2023 (Doc. #42), and Sections III(B) and III(C) of your Honor's Part Rules, please allow this correspondence to serve as BJ's pre-Motion Conference request regarding BJ's intended Rule 56 Motion for Summary Judgment on the grounds that: (1) plaintiff failed to establish that her claimed injuries are causally-related to the alleged accident; and (2) plaintiff is unable to establish that the alleged accident was the proximate cause of her claimed injuries. Annexed as **Exhibit "1"** is BJ's Rule 56.1 Statement of Facts in further compliance with your Honor's Part Rules. Finally, in compliance with section III(C)(2) of your Honor's Part Rules, two bound courtesy copies of the within pre-Motion Conference request and accompanying Rule 56.1 Statement of Facts have been sent to your Honor's chambers via FedEx.

      In <u>Pommells v. Perez</u>, 4 N.Y.3d 566 (2005), the New York Court of appeals addressed the parties' respective burdens on summary judgment with regard to the issue of whether a pre-existing condition, rather than the accident at issue, caused the plaintiff's alleged injuries. <u>See Pommells</u>, 4 N.Y.3d at 572 (holding that "when additional contributory factors interrupt the chain of causation between the accident and claimed injury – such as a gap in treatment, an intervening medical problem or preexisting condition – summary dismissal of the complaint may be appropriate"). If the defendant meets its burden, the burden shifts to the plaintiff to "come forward with evidence addressing the defendant's claimed lack of causation." <u>See Arenes v. Mercedes Benz Credit Corp.</u>, No. 03-CV-5810, 2006 U.S. Dist. LEXIS 35366 at *8 (E.D.N.Y. June 1, 2006) (citing <u>Pommells</u>, 4 N.Y.3d at 580). A plaintiff cannot defeat summary judgment if her submission consists of expert opinion that fails to adequately address plaintiff's pre-existing conditions. <u>See Pommells</u>, 4 N.Y.3d at 574-575. If the plaintiff fails to provide such evidence, the defendant is entitled to summary judgment. <u>See Arenes</u>, *supra*.

**Please send mail to our scanning center at: PO Box 780, Buffalo, NY 14201**

**Office Location:** 200 Garden City Plaza, Suite 520, Garden City, NY 11530-3203 | 516.281.9800 | Fax: 516.281.9801 | www.goldbergsegalla.com

CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA | UNITED KINGDOM

38811593.v1

The party opposing summary judgment must set forth evidence demonstrating a genuine issue for trial, and may not rely only on allegations in its pleadings. See Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006) ("[T]he nonmovant cannot rest on allegations in his pleadings and must point to specific evidence in the record to carry its burden on summary judgment" (citing Celotex, 477 U.S. at 324). "[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." See Achilles v. Chestnut Ridge Transp., Inc., 584 F.App'x 20, 22 (2d Cir. 2014) (quoting Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

Here, plaintiff alleges that on July 3, 2018, a pallet of watermelons was lowered onto her right foot as she was trying to choose a melon, causing injuries to her right foot. See Statement of Facts ("SOF") at ¶ 1. Plaintiff waived the deposition of BJ's based on her failure to seek the deposition of a witness from BJ's prior to the expiration of the fact discovery deadline. See SOF at ¶ 24. Plaintiff also failed to disclose any liability or damages experts in support of her case-in-chief prior to the expiration of the expert discovery deadline. See Exhibit K to SOF. Finally, plaintiff's requests for further extensions of the Court's fact and expert discovery deadlines to complete same were summarily denied by Magistrate Judge Dunst on December 19, 2023. See Exhibit K to SOF.

BJ's expert orthopedist, Dr. Bryan Markinson, is the Chief of Podiatric Medicine and Surgery at Mt. Sinai Medical Center. Dr. Markinson conducted two independent orthopedic examinations of plaintiff and BJ's relies on Dr. Markinson's unrebutted expert reports, dated April 10, 2022 and October 1, 2023, in asserting that plaintiff's claimed bunion in her right big toe and hammertoe in her right second toe pre-existed the subject accident and, therefore, cannot be causally-related to the subject accident. See Exhibits H and J to SOF. More specifically, plaintiff's post-accident x-ray studies of her right foot were positive for early changes of osteoarthritis, a mild bunion deformity with evidence of first metatarsophalangeal joint arthritis, contractures of toes 2, 3, 4 and 5 and evidence of prior surgical intervention of the fifth toe. See SOF at ¶ 33. See also Exhibit H to SOF at pp. 5, 7. Plaintiff does not allege injuries to her third, fourth or fifth toes in connection with the alleged accident at BJ's. See SOF at ¶ 35. "[T]he injury reported could not have caused these findings as they occur slowly over time." See id. at p. 9. The same toe deformities were observed on plaintiff's left foot, which plaintiff does not allege was involved in the subject accident. See Exhibit H to SOF at pp. 5, 7.

Plaintiff was unable to recall when she was first diagnosed with a bunion in her right big toe and/or hammertoe in her right second toe prior to the alleged accident at BJ's. See SOF at ¶ 34. Despite BJ's repeated requests for same, plaintiff failed to disclose her pre-accident medical records from Dr. Palmieri and advised the Court that Dr. Palmieri's office had a fire in 2020 and that all of his records were destroyed. See Doc #40-1.

After a single treatment with her pre- and post-accident podiatrist, Dr. Palmieri, on July 6, 2018, it was not until some 20-months later on March 2, 2020, that plaintiff first saw a surgeon, Dr. Yager. See Exhibit H to SOF at p. 6. "Dr. Yager revealed advancing degenerative arthritic changes, which most likely was related to typical progression of her bunion deformity." See Exhibit H to SOF at p. 9. Plaintiff was not recommended and failed to undergo any nerve evaluation in her right foot, which ". . . is also an indicator of the minor nature in which [Dr.

Yager] regarded these findings." See id. Dr. Yager recommended surgical correction of the bunion in her right big toe and hammertoes in her right second and third toes, which plaintiff is not claiming to have injured in the alleged accident. See Exhibit H to SOF at p. 7.

On October 9, 2020, plaintiff underwent surgical correction of the pre-existing bunion in her right big toe and hammertoe in her right second toe performed by Dr. Yager. See Exhibit H to SOF at p. 10. Plaintiff was involved in a subsequent accident on January 18, 2021 in which she dislocated the second toe in her right foot. See SOF at ¶¶ 46-48. At a visit with Dr. Yager on March 22, 2021, plaintiff's second toe was noted to be "deviated laterally" and plaintiff acknowledged that [the deviation] occurred at a traumatic event" unrelated to the subject incident. See Exhibit H to SOF at p. 7. She conceded during her deposition that she was involved in a subsequent accident January 2021 and it is BJ's position that the subsequent accident was the proximate cause of the deviation/dislocation of her second toe. See SOF at ¶¶ 53-56.

On March 10, 2023, plaintiff had additional surgery performed by Dr. Yager for the pre-operative diagnosis of "right foot second recurrent hammertoe," for which plaintiff failed to supplement her Interrogatories. See Exhibit J to SOF at p. 5. On May 19, 2023, plaintiff underwent a third surgery by Dr. Yager for the pre-operative diagnosis of "[p]ainful hardware second digit," for which plaintiff failed to supplement her Interrogatories, where Dr. Yager removed the hardware inserted during the second surgical procedure. See Exhibit J to SOF at p. 5. The newly discovered findings during Dr. Markinson's second examination of plaintiff were ". . . due to the multiple interventions on the second toe, whose original deformity (corrected by Dr. Yager on October 9, 2020) was pre-existing to her incident at BJ's, and certainly was not caused by the reported incident." See Exhibit J to SOF at p. 6.

"Any assertion that the reported injury caused any deformity of the foot that did not exist prior to the incident is not credible." See Exhibit J to SOF at p. 8. "Any such trauma would have certainly resulted in a great deal of swelling, color changes and serious alteration in gait, none of which were present." See Exhibit J to SOF at p. 8. Therefore, plaintiff's ". . . bunion and arthritic condition of the great toe, along with hammer digits of the lesser toes clearly preceded her reported injury." See Exhibit J to SOF at pp. 6, 9. It is unrebutted that ". . . the original and additional surgeries and results therefrom are completed unrelated to the reported incident at BJ's" in July 2018." See Exhibit J to SOF at p. 6. Accordingly, it is respectfully submitted that BJ's will sufficiently satisfy its burden of showing a lack of causation. See Evans v. United States, 978 F.Supp.2d 148, 167 (E.D.N.Y. 2013) (finding that plaintiff's pre-existing injuries in the same body parts several years before the accident persuasive enough to shift the burden to plaintiff). See also Arenes, supra, at *8 (finding defendant's expert's report sufficient to shift the burden where it stated that plaintiff's injuries were not consistent with an acute, traumatic event but, rather consistent with pre-existing and degenerative conditions).

"Absent an explanation of the basis for concluding that the injury was caused by the accident, as opposed to other possibilities evidenced in the record, an expert's conclusion that plaintiff's condition is causally related to the subject accident is mere speculation, insufficient to support a finding that such a causal link exists." See Valentin v. Pomilla, 59 A.D.3d 184 (1st Dep't 2009) (internal citations omitted). Additionally, in light of plaintiff's inability to establish causation, plaintiff is similarly unable to establish proximate cause against BJ's.

Thank you for allowing the undersigned to address the Court in this matter.

Very truly yours,

GOLDBERG SEGALLA LLP

J. Daniel Velez, Esq.

JDV/nr

**Via ECF**

Michael Ma, Esq.
CHOPRA & NOCERINO, LLP
100 Quentin Roosevelt Blvd., Suite 107
Garden City, New York 11530

38811593.v1